# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL BECK, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-739 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer / |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| C/O NICOLETTI et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed without prejudice based upon Plaintiff's failure to prosecute this action.

**II.    REPORT**

On June 4, 2013, Plaintiff in the above-captioned case, acting *pro se*, submitted a Civil Rights Complaint together with a Motion to Proceed *in forma pauperis*. On February 2, 2013 the Motion to Proceed *in forma pauperis* was denied for failure to submit an affidavit of statement of assets and a certified copy of his inmate account statement. Almost eight months later, on February 14, 2013, an Amended Motion for Leave to Proceed *in forma pauperis* was filed and also denied by this Court because the Affidavit of Poverty attached was unsigned. In both denials, Plaintiff was given leave to resubmit the request with the proper documentation. On March 20, 2013 the $350 filing fee was paid, the case was reopened and the Complaint was filed. By this point Plaintiff was no longer incarcerated and had filed the required change of address form.

Despite the fact that Plaintiff had not been granted leave to proceed *in forma pauperis* the Court ordered the U.S. Marshal to serve the Complaint, costs advanced by the United States. A

1

Waiver of Service was executed by Defendant Nicoletti but the Marshal was unable to serve the remaining three defendants. A notice to this effect was sent to Plaintiff at his address of record. Nothing was done by Plaintiff to effect service on the three remaining defendants. In an effort to move the case forward the Court scheduled an initial scheduling conference for November 3, 2014. A notice of the conference was sent to Plaintiff on October 16, 2014 via certified mail. Plaintiff failed to appear at the November 3 conference and did not contact the Court.

Hence, on November 5, 2014, the undersigned entered an order requiring Plaintiff to show cause why his case should not be dismissed for failure to prosecute. Plaintiff was ordered to respond by November 25, 2014. To date, Plaintiff has neither filed any responses to the Show Cause Order nor any motion for an extension for time within which to do so. He also has not filed an amended complaint as he was ordered, nor has he responded to the show cause order.

This case has been lingering since June of 2012 solely through the fault of the Plaintiff, and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

> dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a claim of a plaintiff pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.) (affirming district court's dismissal with prejudice of *pro se* prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion), *cert. denied*, 516 U.S. 838 (1995); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir.) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion), *cert. denied*, 488 U.S. 996 (1988). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id*. at 109. In short, a pro se litigant's failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id*. at 110.

Consistent with this reasoning, the federal courts in this Circuit have held that a *pro se* plaintiff's failure to respond to an opposing party's motion to dismiss or motion for summary judgment motion provides a basis for dismissing an action for failure to prosecute. *See, e.g.,*

3

Shipman v. Delaware, 381 Fed. App'x 162, 164 (3d Cir. 2010); Jackson v. U.S. Bankruptcy Court, 350 Fed. App'x 621, 625 (3d Cir. 2009) (concluding that District Court did not abuse its discretion in dismissing this case for failure to prosecute based on, *inter alia*, plaintiff's failure to respond to three pending motions to dismiss); Allen v. American Federation of Government Employees, 317 Fed. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court); Gagliardi v. Courter, 144 Fed. App'x 267 (3d Cir. 2005) (holding that district court did not abuse its discretion by dismissing, for failure to prosecute, a complaint where plaintiff failed to respond to motion to dismiss for more than three months and plaintiff did not appear to have a meritorious cause of action); Muslim v. Frame, 854 F. Supp. 1215, 1221 (E.D. Pa. 1994); Wade v. Wooten, No. 90-2373, 1993 WL 298715, at *6 (E.D. Pa. July 30, 1993); Gay v. Wright, No. 90-0770, 1990 WL 145553, at *3-4 (E.D. Pa. Sept. 27, 1990); Padro v. Heffelfinger, 110 F.R.D. 333-35 (E.D. Pa. 1986).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) extent of the party's personal responsibility;

(2) prejudice to the adversary;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) effectiveness of sanctions other than dismissal; and

(6) meritoriousness of the claim or defense.

4

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's failure to prosecute.

First, in consideration of the Plaintiff's responsibility, the court notes that the Plaintiff is proceeding *pro se*. Thus, Plaintiff is solely responsible for his failure to respond.

Secondly, Plaintiff has prejudiced Defendant Nicoletti as he has been forced to have this matter hanging over him for over two years. The remaining three defendants have not even been notified of the matter and are prejudiced by a number of things including the fact that the passage of time will make it more difficult to have full recall of events, to contact witnesses and to gather documentation. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. Fourthly, Plaintiff's failure to respond is willful. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone. Accordingly, the court can infer that this failure is willful. Fifth, there are no alternative sanctions which would adequately punish the plaintiff for his failure to prosecute the case; imposing a monetary sanction would not be effective as he appears to be impecunious.

At least five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute it. To the extent Plaintiff disagrees, he should file objections to this recommendation forthwith.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that this action be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

s/ Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
United States Magistrate Judge

Dated: November 28, 2014

cc: **MICHAEL BECK**
     27 A West Main Street
     Brookville, PA 15825